UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SHAKUR JAHAD,

                Plaintiff,

-against-

E. HOLDER, MEDICAL DOCTOR – ARTHROSCOPIC SURGEON; N. MURTHA, MEDICAL DOCTOR – PRIMARY PHYSICIAN,

                Defendants.

19-CV-4066 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants are violating his constitutional rights. By order dated May 30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## DISCUSSION

**A.    Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013) (citing 28 U.S.C. § 1915(d)); § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 378 F. App'x 50, 51-52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants E. Holder, Medical Doctor – Arthroscopic Surgeon; and N. Murtha, Medical Doctor – Primary Physician through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses and complete the USM-285 forms with the addresses for E. Holder, Medical Doctor – Arthroscopic Surgeon; and N. Murtha, Medical Doctor – Primary Physician and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 5, 2019
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. E. Holder, Medical Doctor – Arthroscopic Surgeon
   Mt. Vernon Hospital
   12 North Seventh Avenue
   Mt. Vernon, New York 10550

2. N. Murtha, Medical Doctor – Primary Physician
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10552