UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/2023_____
```

SHAKUR JAHAD,

                    Plaintiff,

        -against-

JONATHAN HOLDER, M.D. and N.
MUTHRA P.A. sued herein as N. MUTHRA
M.D.

                    Defendants.

19-CV-4066 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

        The Clerk of the Court is kindly directed to mail a copy of the attached Order and

Opinion, dated February 10, 2023, and the Second Amended Complaint form,[1] to *pro se* Plaintiff

at the address indicated on the docket.  The Clerk of the Court is also directed to show service on

the docket.

        Dated: February 10, 2023
               White Plains, NY

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

---

[1]        The Second Amened Complaint form was previously omitted from ECF No. 54 and is now attached hereto.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____              │
│ DATE FILED: _2/10/2023_____          │
└─────────────────────────────────────┘
```

SHAKUR JAHAD,

                    Plaintiff,

        -against-

JONATHAN HOLDER, M.D. and N.
MUTHRA P.A. sued herein as N. MUTHRA
M.D.

                    Defendants.

19-CV-4066 (NSR)

ORDER & OPINION

NELSON S. ROMÁN, United States District Judge:

        Plaintiff Shakur Jahad ("Plaintiff"), currently incarcerated at Green Haven Correctional

Facility ("Green Haven"), brings this amended *pro se* action under 42 U.S.C. § 1983 ("Section

1983") for alleged constitutional violations of the Eighth Amendment.   (Plaintiff's Amended

Complaint ("Am. Compl.") (ECF No. 26)).  Plaintiff asserts these claims against Jonathan Holder,

M.D. ("Dr. Holder") and N. Muthra, P.A. s/h/a/ N. Muthra M.D. ("Defendant Muthra")

(collectively, "Defendants") alleging that they failed to diagnose and treat an infection he

developed in his right knee after surgery.

        Presently before the Court is Defendants' motion to dismiss the Amended Complaint.

(ECF No. 45.)  For the following reasons, the motion to dismiss is GRANTED.

1

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and his opposition to the instant motion to dismiss,[1] and are accepted as true for purposes of this motion.[2]

### I.   Plaintiff's 2018 Surgery and Immediate Post-Surgical Complications

On December 11, 2018, Plaintiff underwent knee surgery, which was performed by Dr. Holder at Mount Vernon Hospital.  (Am. Compl. at 4.)  Shortly after the surgery was performed, Plaintiff began to develop an infection in his knee, causing swelling and severe pain.  (*Id.*)  Plaintiff complained about these problems to his primary health care provider, Defendant Muthra, as well as to Dr. Holder.  (*Id.*)  Sometime between December 11, 2018 and December 19, 2018, Defendant Muthra examined Plaintiff and determined there was no problem, even though Plaintiff's knee had become as large as a "cantaloupe" and despite Plaintiff's complaint that he suffered from severe pain that made him unable to walk.  (*Id.*)  Defendant Muthra did not provide any treatment at that time, and Plaintiff was provided with no walking apparatus.  (*Id.*; ECF No. 45 ("Pl.'s Br.") at 5.)

Later, on or around Defendant 19, 2018, Defendant Muthra removed Plaintiff's stitches. (Am. Compl. at 4.)  When the first stitch was removed, Plaintiff's knee began to leak discharge. (*Id.*)  In order to monitor the discharge from his knee, Plaintiff was sent to Mount Vernon Hospital. (*Id.*)  Dr. Holder was placed on notice of this incident but did not assist or advise.  (*Id.*)

---

[1]    After filing his opposition to the instant motion, Plaintiff filed a second document, dated October 11, 2022, entitled "Reply to Defendant's Motion to Dismiss".  (ECF No. 51.)  The filing of a sur-reply was not authorized by this Court when it issued the briefing schedule and extension to that schedule.  (*See* ECF Nos. 39, 44.) If Plaintiff desired additional papers, he could have sought leave from the Court.  Accordingly, Plaintiff's sur-reply was not authorized, the Court strikes it, and does not consider it in resolving the instant motion.

[2]    When a plaintiff proceeds *pro se*, a court "may consider new facts raised in opposition papers to the extent that they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) (citing *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013)).  For purposes of this motion, the Court accepts as true the factual allegations in the amended complaint and the opposition papers, to the extent that they are consistent, and draws all reasonable inferences in Plaintiff's favor.

Shortly afterwards, Plaintiff was discharged from the hospital, where he was only rebandaged. (*Id*.) Plaintiff alleges that he remained in pain and discomfort for a substantial period of time after his discharge, and was provided with a minimal amount of standardized care. (*Id*.)[3]

## II.    Procedural Background

On August 26, 2021, the Court issued an Opinion and Order (hereinafter the "August 26, 2021 Order and Opinion") granting Defendants' motion to dismiss Plaintiff's original complaint, which alleged constitutional violations of the Eighth Amendments against Defendants for failure to diagnose and treat the infection that developed in his right knee after surgery. *Jahad v. Holder*, No. 19-CV-4066 (NSR), 2021 WL 3855445, at *1 (S.D.N.Y. Aug. 26, 2021). Plaintiff was granted leave to amend his complaint, which he did on September 27, 2021. (ECF No. 26.) On February 2, 2022, the Court granted Defendants leave to file a motion to dismiss the amended complaint. (ECF No. 29.). The motion was fully briefed on August 5, 2022. (*See* ECF No. 45.)

Plaintiff requests (1) an order stating the Defendants were negligent and caused his infection; (2) an order granting Plaintiff an appointment with a specialist; (3) an injunction "be put in place by the Court until either his classification changes to medium security for transfer or he is subsequently released"; (4) *pro bono* counsel; (5) compensatory damages in the amounts of $200,000 against both Dr. Holder and Muthra, $200,000 jointly and severally between both Defendants, and $5,000 for his time and effort. (Am. Compl. at 5.)

---

[3]    The Court notes that Plaintiff does not attach or reference exhibits in his Amended Complaint and opposition papers to this instant motion that were previously attached in his opposition papers to the first motion to dismiss. (Compare Pl.'s Br. and ECF No. 18 (Pl.'s Opposition to Motion to Dismiss the Complaint.) Those exhibits provided more details on the events surrounding the surgery and post-operation treatment. One of the exhibits showed that Plaintiff had filed a grievance about the medical care he was provided (ECF No. 18 at 11). Plaintiff noted, among other things, that he: (1) liberally advised others that he was suffering from swelling and pain in his right knee, (2) did not receive adequate care from Dr. Holder because Dr. Holder did not have any of his paperwork and made an unsatisfactory prognosis when he told Plaintiff to use a knee brace and take Ibuprofen, and (3) requested an MRI to help diagnose what is causing his pain and suffering. (*Id*.) On June 4, 2020, the grievance was denied, and Plaintiff was advised to address any concerns he had with his medical provider. (*Id*. at 10.) Plaintiff appealed this decision, which was upheld. (*Id*. at 13.)

## LEGAL STANDARDS

### I.     Fed. R. Civ. P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555).  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a *pro se* plaintiff is concerned, courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Further, courts must interpret the *pro se* plaintiff's pleadings "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted).  Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 223 (S.D.N.Y. 2010) (citing *Twombly*, 550 U.S. at 555), and the court's duty to construe the

complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## II.    Section 1983

Section 1983 provides that "[e]very person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  Section 1983 "is not itself the source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).  To state a claim under Section 1983, a plaintiff must allege (1) "the challenged conduct was attributable to a person who was acting under color of state law" and (2) "the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York.*, No. 09 Civ. 5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

## DISCUSSION

The Court interprets Plaintiff's Amended Complaint to allege claims against both Defendants for deliberate indifference to medical needs pursuant to Section 1983, in violation of the Eighth Amendment.  (Am. Compl. at 4; Pl.'s Opp. at 2.)  The Court liberally construes *pro se* Plaintiff's Amended Complaint to assert the exact claim under 42 U.S.C. § 1983 that he alleged in his original Complaint and that the Court dismissed for failure to state a claim.  (*Compare* ECF No. 2 ("Compl." at 4) with Am. Comp at 4; Pl.'s Opp. at 2.)  Defendants argue that the "law of the

case" doctrine applies here to dismiss *pro se* Plaintiff's claims once again because he has failed to cure the deficiencies of his § 1983 claim. (ECF No. 46, ("Def.'s Br.") at 1.)  The Court agrees.

Plaintiff also now appears to be raising a separate claim based on medical malpractice.  (Am. Compl. at 5; Pl.'s Opp. at 4–5.), which the Court will consider in the first instance here.

For the reasons articulated below, the Court dismisses Plaintiff's Amended Complaint.

**I.      The "law of the lase" doctrine is applicable to Plaintiff's Eighth Amendment claim**

Under the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009). "Law of the case directs a court's discretion, [but] it does not limit the tribunal's power." *Id.*; *see also Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir. 1999) ("The doctrine expresses, in shorthand fashion, a practice of courts generally not to reconsider that which has already been decided. But it does not purport to be a legally binding limitation on the court's authority to reconsider such matters."). However, "[a] court's reconsideration of its own earlier decision in a case" requires "compelling circumstances, consisting principally of (1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Carr*, 557 F.3d at 102.

As noted above, the Court liberally construes *pro se* Plaintiff's Amended Complaint to assert the same Eighth Amendment claim under § 1983 that he alleged in his original Complaint and that the Court dismissed for failure to state a claim. (Compare Compl. at 4; with Am. Comp at 4.)  A review of the Complaint and Amended Complaint also reveals that Defendants are correct in that the facts alleged in both pleadings are substantially the same with some minor variations.

Further, there has been no intervening change in controlling law.  Moreover, *pro se* Plaintiff does not appear to argue there was a clear error of law in the Court's prior rulings in this case. Accordingly, because the main issue before the Court is whether *pro se* Plaintiff cured the defects in his deliberate indifference claim, the Court finds that its prior ruling in dismissing *pro se* Plaintiff's original Complaint is still applicable in determining whether the Amended Complaint survives Defendants' motion to dismiss. The Court now analyzes Plaintiff's Eighth Amendment claim in his Amended Complaint under its prior ruling.

## II.     Eighth Amendment

Plaintiff characterizes his cause of actions as a deliberate indifference claim brought under the Eighth Amendment.  (Am. Compl. at 4.)[4]

The Eighth Amendment guarantees freedom from "cruel and unusual punishment."  U.S. Const. amend. VIII.  This includes depriving prisoners of their "basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety."  *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 200 (1989)).  For a plaintiff to establish that a prison official violated the Eighth Amendment, "(1) the alleged deprivation must, as an objective matter, be 'sufficiently serious,' [*i.e.*, the 'objective prong'] and (2) the alleged perpetrator—ordinarily a prison official—must possess a 'sufficiently culpable state of mind.' [*i.e.*, the 'subjective prong.']."  *Randle v. Alexander*, 960 F. Supp. 2d 457, 470 (S.D.N.Y. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

---

[4]      In his *pro se* Amended Complaint form, Plaintiff specifies that he had been convicted and sentenced to prison – therefore, he is not a pretrial detainee. (*Id.* at 2.)  Deliberate indifference claims brought by pretrial detainees are governed by the Fourteenth Amendment, while claims brought by post-trial detainees are governed by the Eighth Amendment.  *Haynes v. City of N.Y.*, 19 Civ. 1925 (NRB), 2020 WL 4926178, at *6 (S.D.N.Y. Aug. 20, 2020). Because Plaintiff is a post-trial detainee, the Eighth Amendment is operative here.

To determine whether a deprivation of medical care is "sufficiently serious," the Court must "(1) determine whether the medical care was inadequate, and, (2) if so, '[] examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner.'" *Taft v. Fricke*, No. 9:17-CV-0346 (GTS/CFH), 2019 WL 5197180, at *7 (N.D.N.Y. July 26, 2019) (citing *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006)).  To assess the adequacy of care a claimant received, the Court must determine whether the prison official provided "reasonable care."  *Salahuddin*, 467 F.3d at 279.

The next step in determining whether a claimant's deprivation was sufficiently serious depends on the type of claim they are making.  If the claimant is alleging the prison official failed to provide any treatment at all, "courts examine whether the inmate's medical condition is sufficiently serious."  *Salahuddin*, 467 F.3d at 280.  To establish that a medical condition was "sufficiently serious" a plaintiff must allege "a condition of urgency, one that may produce death, degeneration, or extreme pain."  *Coke v. Med., Dep't of Corr. & Cmty. Supervision*, 17 Civ. 0866 (ER), 2018 WL 2041388, at *3 (S.D.N.Y. Apr. 30, 2018).  There are several factors that the court may consider when deciding whether a medical condition is "sufficiently serious," including "chronic and substantial pain or the presence of a medical condition that significantly affects an individual's daily activities."  *Salgado v. DuBois*, 17-cv-6040 (NSR), 2019 WL 1409808, at *5 (S.D.N.Y. Mar. 28, 2019).

If the claimant concedes that he received medical treatment but alleges that it was inadequate, "the inquiry is narrower, and the court should focus on the specific inadequacy of the treatment, not the underlying medical condition alone."  *Taft*, 2019 WL 5197180, at *7.

For the subjective prong, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety" that would result from his or her act or omission. *Jones v. Avanzato*,

No. 14-cv-2044 (NSR), 2016 WL 183565 at *3 (S.D.N.Y. Jan. 13, 2016) (citing *Farmer*, 511 U.S. at 837).   Medical malpractice "does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness—'an act or a failure to act by [a] prison doctor that evinces a conscious disregard of a substantial risk of serious harm.'"  *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)) (internal quotation marks omitted).   Therefore, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Court applies this framework to each of the two defendants separately.

## A.     Defendant Muthra

In its prior order, the Court concluded that while *pro se* Plaintiff's deliberate indifference claim satisfied the objective prong, *Jahad*, 2021 WL 3855445, at *5–6, he failed to satisfy the subjective prong of his Eighth Amendment claim as to Defendant Muthra.  *Id*. at *7.  The Court reasoned that Plaintiff failed to allege facts sufficient to support a finding that Defendant Muthra acted with a state of mind equivalent to criminal recklessness when he failed to provide medical care.  *Id*. (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)).

Here, even when liberally construing the Amended Complaint in *pro se* Plaintiff's favor, Plaintiff still fails to sufficiently plead the subjective element of his deliberate indifference claim. In addition, Plaintiff's amended allegations, which are sparser than those that were originally presented, now also fail on the objective element of his deliberate indifference claim as to Defendant Muthra.

### 1.    Objective Prong

In its August 26, 2021 Order and Opinion, the Court found that while Plaintiff did not satisfy the objective prong of his Eighth Amendment claim against Defendant Muthra with respect

to treatment of his infection, Plaintiff had articulated a sufficiently serious deprivation with respect to the failure to treat his chronic pain condition in his right knee. *Jahad*, 2021 WL 3855445, at *6.

Here, Plaintiff continues to allege that Defendant Muthra failed to treat his infected knee between December 11, 2018 and December 19, 2018, even though his leg was "swollen to the size of a[] cantaloupe" and despite his complaints that his knee was causing him severe pain and was rendering him unable to walk. (Am. Compl. at 4.) Plaintiff also alleges that after he returned from Mount Vernon Medical Hospital, he was "provided a[] minimal amount of standardized care." (*Id.*) The Court notes that unlike in his original allegations, Plaintiff provides no allegations in his Amended Complaint nor in his opposition papers to the instant motion discussing treatment he received (or lack thereof) regarding his chronic pain condition following his return from Mount Vernon Hospital.

For the same reasons articulated in the Court's August 26, 2021 Order and Opinion, Plaintiff fails to satisfy the objective prong with respect to the treatment of his knee infection. As discussed, severe infections that cause chronic pain or substantial risk of injury may constitute a sufficiently serious condition so as to give rise to an Eighth Amendment claim where inadequate medical treatment is also alleged. *Smith v. Carpenter,* 316 F.3d 178, 186 (2d Cir. 2003). However, where medical treatment is denied for a short period, as is the case here, the objective prong is not typically satisfied. *See Medina v. Barrett*, 14-CV-6377-FPG, 2018 WL 1383232, at *6 (W.D.N.Y. Mar. 19, 2018) (objective prong not satisfied where plaintiff was denied medical care for four weeks despite experiencing "severe and chronic headaches, nerve damage, and neck and knee pain"); *see, c.f. Chance v. Armstrong*, 143 F.3d 698, 702–03 (2d Cir. 1998) (finding that serious pain lasting over six months was sufficient for a deliberate indifference claim.). Here, Plaintiff's

own allegations show that Defendant Muthra examined Plaintiff's knee shortly after the surgery, and around a week after the surgery, he sent Plaintiff to Mount Vernon to monitor the infection. (Am. Compl. at 4.)  At best, Defendant Muthra denied treatment to Plaintiff from December 11, 2018 through around December 19, 2018.  As discussed above, a denial of treatment for such a brief period is plainly insufficient to satisfy the objective prong.

Because Plaintiff no longer provides any allegations in his amended pleadings regarding treatment of his chronic pain condition, the Court no longer finds, as it previously did, that Plaintiff satisfies the objective prong as to Defendant Muthra.

### 2.    *Subjective Prong*

Plaintiff's amended complaint against Defendant Muthra fails the second prong of the deliberate indifference test.  Plaintiff has, again, failed to allege facts sufficient to support a finding that Defendant Muthra acted with a state of mind equivalent to criminal recklessness when he purportedly failed to provide medical care to his infected knee between December 11, 2018 and December 19, 2018.  (Pl.'s Opp. at 5) *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) ("The subjective element requires a state of mind that is the equivalent of criminal recklessness; namely, when the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

In order to satisfy the subjective prong, a plaintiff must allege that the defendant's failure to provide medical treatment was more than mere negligence.  *Smith*, 316 F.3d at 184 ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation."); *Hill*, 657 F.3d at 123 ("[A] complaint that a physician has been negligent in

diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").  Instead, the defendant must act with deliberate indifference, or "culpable recklessness." *Hill*, 657 F.3d at 123.  In order to plead culpable recklessness based on a defendant's denial of treatment, a plaintiff must, at a minimum, allege that the defendant knew that a substantial risk could result from the denial of treatment. *See Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) ("[A] prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm . . . .") (internal citations omitted); *Hart v. Goord*, No. 08CV681, 2011 WL 1198414, at * (W.D.N.Y. Jan. 13, 2011) ("[S]ubjective recklessness can satisfy the deliberate indifference standard only where the official has actual knowledge that the prisoner faced a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.") (internal citations omitted).

Plaintiff alleges that Defendant Muthra acted both negligently and with culpable recklessness for failing to immediately treat Plaintiff's infected knee.  (Pl.'s Opp. at 2, 4.) However, any contention that Defendant Muthra acted with deliberate indifference is contradicted by Plaintiff's pleadings. By Plaintiff's own admission, shortly after Defendant Muthra observed the discharge coming out of Plaintiff's knee, Plaintiff was sent to Mount Vernon Hospital.  (*See* Am. Compl. at 4.)

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's claim against Defendant Muthra, and dismisses claims against Defendant Muthra without prejudice.

### B.    Dr. Holder

Plaintiff claims that Dr. Holder failed to provide him adequate medical care when he (1) allowed the infection to happen, (2) did not immediately step in to treat the infection despite being made aware of the post-operative issues, and (3) otherwise provided "minimal amount of

standardized care" after he was discharged from Mount Vernon Hospital. (Am. Compl. at 4; Pl.'s Opp. at 3–4.) Assuming that Dr. Holder was acting under the color of state law when he performed the surgery,[5] the Court concludes that Plaintiff has, again, failed to plausibly allege an Eighth Amendment claim against Dr. Holder.

### 1. Objective Prong

As previously indicated in the August 26, 2021 Order and Opinion, the fact that a patient developed an infection after surgery, by itself, cannot underlie an Eighth Amendment deliberate indifference claim. *Jahad*, 2021 WL 3855445, at *8; *Marquez v. McEwen*, Case No. CV 15–7911 R (SS), 2017 WL 5197161, at *6 (C.D. Cal. Sept. 7, 2017) ("An infection following medical treatment is not, by itself, evidence that a particular treatment was constitutionally inadequate."). Without more, Plaintiff's conclusory claim that Dr. Holder caused his infection during the surgery fails to satisfy the objective prong.

With respect to Plaintiff's allegations that Dr. Holder was deliberately indifferent because he did not immediately step in to handle the infection during the short period between his surgery and his admittance to Mount Vernon Hospital, such allegation fails to satisfy the objective prong. *See Medina v. Barrett,* 14-CV-6377-FPG, 2018 WL 1383232, at *6 (W.D.N.Y. Mar. 19, 2018).

Regarding Plaintiff's allegation that Dr. Holder otherwise provided minimal care following his discharge from Mount Vernon Hospital, such allegation is conclusory and fails to show any

---

[5]      Plaintiff does not affirmatively plead whether Dr. Holder is employed by Sing Sing (or DOCCS) or Mount Vernon Hospital, and Defendants do not facially challenge whether Dr. Holder, to the extent he is not employed by the state, acted under color of state law when he performed any relevant conduct at issue in this litigation. Regardless, for the purposes of this motion only, Dr. Holder can be said to have acted under color of state law. *See Bektic-Marrero v. Goldberg,* 850 F.Supp.2d 418, 427 (S.D.N.Y. 2012) ("[C]ourts in this Circuit sometimes find state action even in cases where the medical care was administered away from the prison.").

specific inadequacy of the treatment amounting to an Eighth Amendment violation. [6]  *Munoz v. Eliezer*, No. 16-CV-6049 (NSR), 2018 WL 1626170, at *7 n.6 (S.D.N.Y. Mar. 30, 2018) ("The statement that Plaintiff was 'denied medical attention by [doctor], is conclusory and thus equally unavailing.").

### 2.   Subjective Prong

Plaintiff alleges that after his knee surgery, between December 11, 2018 and December 19, 2018, Dr. Holder was "alerted" that he was experiencing post-surgery complications but did not step in.  (Am. Compl. at 4.)  Plaintiff also alleges that Dr. Holder was placed on notice that Plaintiff was discharged to Mount Vernon Hospital on December 19, 2018, but Dr. Holder "refused to assist and or advise in the matter" and afterwards provided a "minimal amount of standardized care." (*Id*.)

First, these allegations are contradicted by the exhibits, including medical records, filed alongside Plaintiff's opposition papers in response to the first motion to dismiss the Complaint (ECF No. 18.), which demonstrate that Dr. Holder met with Plaintiff on December 27, 2018 and performed an aspiration of his knee which showed fluid that he sent for testing.  *See Jahad v. Holder*, No. 19 Civ. 4066 (NSR), 2021 WL 3855445, at *2 (S.D.N.Y. Aug. 26, 2021). "Where a plaintiff blatantly changes his statement of the facts in order to respond to the defendant's motion to dismiss and directly contradicts the facts set forth in his original complaint, a court is authorized to accept the facts described in the original complaint as true." *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 Civ. 0400, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008); *see also 2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assur. Co*., 96 F. Supp. 3d 182, 206–

---

[6]      The Court notes that these allegations are also contradicted by those raised in Plaintiff's original Complaint and opposition paper to the prior motion to dismiss (ECF No. 18), which demonstrated that Dr. Holder examined Plaintiff multiple times, ran tests on the fluid in his knee, and provided him with medication.  (ECF No. 18. at 25, 28.)

07 (S.D.N.Y. 2015) ("In rare circumstances, courts in the Second Circuit will consider prior pleadings. However, courts only do this when the plaintiff directly contradicts the facts set forth in his original complaint") (internal quotation and citation omitted).

Even if the Court considers the allegations in the Amended Complaint without regard to previous allegations, the pleadings in the Amended Complaint do not adequately plead a state of mind equivalent to criminal recklessness. Dr. Holder's purported lack of involvement between December 11, 2018 and December 19, 2018 is insufficient to show criminal negligence, particularly as Plaintiff was being seen by his primary care provider (Defendant Muthra). *See Hart v. Goard*, No.08CV681, 2011 WL 1198414 (W.D.N.Y. Jan. 13, 2011) ("[S]ubjective recklessness can satisfy the deliberate indifference standard only where the official has actual knowledge that the prisoner faced a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").

In addition, Plaintiff's allegations that Dr. Holder did not step in when he was discharged to Mount Vernon Hospital and that he was given a "minimal amount of standardized care" upon his return fail to satisfy the subjective prong. Beyond being conclusory, these allegations do not amount to culpable recklessness, and at most, appear to amount to mere negligence. *Smith*, 316 F.3d at 184 ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.").

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's claim against Dr. Holder and dismisses claims against Dr. Holder without prejudice.

### III.    Medical Malpractice

Construing the pleadings liberally in light of Plaintiff's *pro se* status, it appears that Plaintiff is also raising a claim for medical malpractice against the Defendants. *See* Am. Compl. at 5 (seeking declaratory judgment stating that "[t]he actions of Dr. Holder were minimally, negligent and that malpractice were the result which caused plaintiff's knee infection [sic]"); *id*. (seeking declaratory judgment stating that "the actions of Defendant Muthra were minimally, negligent and malpractice was the result which caused the plaintiff to undergo continued pain and suffering [sic]").

In any event, because Plaintiff has failed to sufficiently plead any claims arising under federal law, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, even if Plaintiff had plead his medical malpractice claim against Defendants. *See In re Merrill Lynch Ltd. Partnerships Lit.*, 154 F.3d 56, 61 (2d Cir. 1998) ("[The Second Circuit] and the Supreme Court have held that when [ ] federal claims are dismissed the 'state claims should be dismissed as well.'"); *Bennett v. Care Corr. Sol. Med. Contractor*, No. 15 Civ. 3746 (JCM), 2017 WL 1167325, at *10 (S.D.N.Y. Mar. 24, 2017) (dismissing state-law claims where Court would only retain jurisdiction over these claims based on supplemental jurisdiction).

Therefore, Plaintiff's medical malpractice claim, to the extent that he attempts to raise it, is dismissed without prejudice.

**IV.    Injunctive Relief**

Though the nature of the relief requested is unclear, Plaintiff again requests "an injunction to be put in place by the Court until either his classification changes to medium security for transfer or he is subsequently released" in his opposition papers.  (Am. Compl. at 5.)  Plaintiff previously made this request in his original complaint (*see* ECF No. 2), which the Court denied in its august

26, 2021 Order and Opinion.  (See ECF No. 25.)  For the same reasons, the Court denies Plaintiff's renewed request.

In the Second Circuit, a party seeking a preliminary injunction "must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party."  *Mullins v. City of New York*, 626 F.3d 47, 52–53 (2d Cir. 2010).  Where a party seeks a mandatory injunction "altering, rather than maintaining, the status quo," such as in this case, that party "must meet [a] more rigorous standard."  *Almontaser v. N. Y. City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008) (internal alterations omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33 (2d Cir. 1995).  ("[W]e have required the movant to meet a higher standard where . . . an injunction will alter, rather than maintain, the status quo . . . .").  The moving party must establish a "clear or substantial likelihood of success," or show that "extreme or very serious damage" would result in the absence of preliminary relief.  *Tom Doherty Assocs.*, 60 F.3d at 34, 37.

Plaintiff's request is denied as meritless.  Under Rule 12(b)(6), Plaintiff must only show that he has stated a claim to relief that is "plausible on its face."  *Ashcroft*, 556 U.S. at 678.  In contrast, the standard for a mandatory injunction is much higher, as Plaintiff must show a "substantial likelihood of success."  *Tom Doherty Assocs.*, 60 F.3d at 34.  Given that Plaintiff has no surviving claims under Rule 12(b)(6), Plaintiff would fair even worse under the standard for an injunction.  Nor do Plaintiff's vague allegations about harm articulate extreme or very serious damage absent the (unclear) requested relief.

Accordingly, Plaintiff's request for a preliminary injunction is DENIED without prejudice.

## V.        Dismissal Without Prejudice

Defendants argue that the Court should dismiss Plaintiff's claims with prejudice, as "amendment is futile." (Defs.' Br. at 10.)  Generally *pro se* plaintiffs are allowed an opportunity to amend their complaint before the Court will dismiss it with prejudice. *Owens v. N.Y.C. Dep't of Sanitation*, No. 11 Civ. 8297(ALC), 2013 WL 150245, at *3 (S.D.N.Y. Jan. 15, 2013) ("[A] court should grant leave to amend [to a pro se litigant] at least once before dismissing [a complaint] with prejudice"); *Breer v. Maranville*, Civil Action No. 2:12-CV-53, 2012 WL 6597707, at *3 (D. Vt. Nov. 27, 2012) ("The Second Circuit has cautioned that district courts should not dismiss *pro se* complaints with prejudice without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotations omitted).  While Plaintiff has already had an opportunity to amend his pleadings, in light of Plaintiff's *pro se* status, the Court will grant Plaintiff one more chance to amend through a Second Amended Complaint.

## VI.        Request for Counsel

Lastly, Plaintiff requests in his Amended Complaint that he be appointed *pro bono* counsel. (Pl.'s Opp. at 2.)  A motion for appointment of *pro bono* counsel must be brought in a separate motion. *See Martin v. Mihalik*, 19-CV-7979 (PMH), 2021 WL 1738458, at *1 n.3 (S.D.N.Y. May 3, 2021).  Even if the Court were to consider the Plaintiff's request, it would be denied on the merits.

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant

by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Hodge*, 802 F.2d at 60-61.

Plaintiff's application for appointment of *pro bono* counsel is his second request. At this stage in the proceedings, there is no indication that Plaintiff's position is likely to be of substance. *Stewart v. McMickens*, 677 F. Supp. 226, 228 (S.D.N.Y. 1988) (holding that the "legitimacy of the case must be apparent from the face of the pleading"). As all of Plaintiff's claims have been dismissed under Rule 12(b)(6), Plaintiff does not have a chance of success unless he successfully amends his pleadings. Accordingly, Plaintiff's motion for appointment of *pro bono* counsel is, at this time, DENIED without prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss the Complaint is GRANTED, and Plaintiff's requests for a preliminary injunction and *pro bono* counsel are DENIED. Plaintiff

is granted leave to file a Second Amended Complaint as to any claims that have not been dismissed with prejudice.  If he chooses to do so, Plaintiff will have until March 3, 2023 to file a Second Amended Complaint consistent with this order.  A Second Amended Complaint form is attached to this Order.  Defendants are then directed to answer or otherwise respond by March 24, 2023.

Plaintiff is advised that the Second Amended Complaint *will replace, not supplement* the Amended Complaint so any claims he wants to pursue must be included in or attached to the Second Amended Complaint.

If Plaintiff fails to file a Second Amended Complaint within the time allowed, and he cannot show good cause to excuse such failure, those claims dismissed without prejudice by this order will be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 45.  The Clerk is also respectfully directed to mail a copy of this Opinion and Order to Plaintiff at the address listed on ECF and to show service on the docket.

Dated: February 10, 2023          SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**SECOND AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                 Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                      Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                   Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                   Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                   Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                   Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                     Plaintiff's Signature

_____
First Name                 Middle Initial          Last Name

_____
Prison Address

_____
County, City                         State                  Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:   _____