UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKUR JAHAD,

                                        Plaintiff,

                    -against-

JONATHAN HOLDER, M.D. and N.
MUTHRA P.A sued herein as N. MUTHRA
M.D

                                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  _12/01/2023___

19-cv-04066 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

        Plaintiff Shakur Jahad ("Plaintiff"), currently incarcerated at Green Haven Correctional

Facility, brings this *pro se* action under 42 U.S.C § 1983 ("Section 1983") for an alleged Eighth

Amendment constitutional violation. (Plaintiff's Second Amended Complaint, "2nd Am. Compl.,"

ECF No. 60.) Plaintiff asserts these claims against Jonathan Holder, M.D. ("Defendant Holder")

and N. Muthra, P.A. s/h/a/ N. Muthra M.D ("Defendant Muthra") (collectively, "Defendants")

alleging they failed to provide proper medical treatment to Plaintiff's right knee, causing Plaintiff

pain and decreased mobility. Plaintiff further claims that he now requires a second corrective

surgery as a result of Defendants' deliberate indifference and he may never properly walk again.

        Before the Court is Defendants' motion to dismiss the Second Amended Complaint. (ECF

No. 65.) For the following reasons, the motion to dismiss is GRANTED.

## <u>BACKGROUND</u>

The following facts are taken from Plaintiff's Second Amended Complaint and his opposition to the instant motion to dismiss,[1] and are accepted as true for purposes of this motion.[2]

### I.    Plaintiff's 2018 Surgery and Post-Surgical Complications

On December 11, 2018, Plaintiff underwent surgery on his right knee, which was performed by Defendant Holder at Mount Vernon Hospital. (2nd Am. Compl. at 4.) Prior to the surgery, Defendant Holder informed Plaintiff "he could be able to fix the knee problem" and failed to warn Plaintiff of any potential adverse consequences from the surgery. (*Id.* at 6.)

Eight days after the knee surgery, Plaintiff developed an infection which caused him severe pain and his knee to swell to the size of a "cantaloupe" and leak pus. (*Id.* at 7.) Plaintiff complained about his pain and limited mobility to his primary care provider Defendant Muthra who examined Plaintiff's knee and determined nothing was wrong. (*Id.*) Despite Plaintiff's swollen knee leaking pus and his pain being so severe he could not walk, Defendant Muthra did not provide Plaintiff any treatment or medication for his infection. (*Id.*) A few days later, Defendant Muthra attempted to remove Plaintiff's stitches. (*Id.*) Upon removing the first stitch, pus began to leak from Plaintiff's knee and Defendant Muthra then sent Plaintiff to an outside hospital for further treatment. (*Id.* at 8.) After returning from the hospital, Plaintiff informed Defendant Muthra that

---

[1] After filing his opposition to the instant motion, Plaintiff filed a second document, dated August 14, 2023, entitled "Affidavit in Support of Reply in Opposition to Defendants' Reply Memorandum of Law in Further Support Defendants' Motion to Dismiss." (ECF No. 71.) Despite titled an affidavit, the paper is styled as an argumentative brief. Therefore, the Court construes the filing as a sur-reply. Filing of a sur-reply was not authorized by this Court when it issued the briefing schedule for the instant motion to dismiss. (*See* ECF No. 63.) If Plaintiff desired additional papers, he could have sought leave from the Court. Accordingly, Plaintiff's sur-reply was not authorized, the Court strikes it, and does not consider it in resolving the instant motion.

[2] When a plaintiff proceeds *pro se*, a court "may consider new facts raised in opposition papers to the extent that they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) (citing *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013)). For purposes of this motion, the Court accepts as true the factual allegations in the amended complaint and the opposition papers, to the extent that they are consistent, and draws all reasonable inferences in Plaintiff's favor.

he continued to suffer pain in his right knee to which Defendant Muthra replied he can't do anything. (*Id.* at 10.)

Plaintiff alleges that because of Defendants' failure to provide proper medical treatment he continues to suffer great pain and limited mobility to this day and may never be able to use his knee again. (*Id.* at 5-6.) Plaintiff further claims he requires a second corrective surgery due to Defendants' improper treatment, which he was scheduled to receive on April 24, 2023. (*Id.* at 10.) Plaintiff stated that he would provide the Court with further information from his second surgery; however, as of the date of this Opinion, he has not filed any supplemental information with the Court. (*Id.*)

## II.    Procedural Background

On February 10, 2023, the Court issued an Order and Opinion ("February 10, 2023 Order and Opinion") granting Defendants' motion to dismiss Plaintiff's Amended Complaint, which alleged Defendants violated the Eighth Amendment by failing to diagnose and treat the infection that developed in Plaintiff's right knee after surgery. *Jahad v. Holder*, No. 19-CV-4066 (NSR), 2023 WL 1879526, at *1-2 (S.D.N.Y. Feb. 10, 2023). The Court granted Plaintiff leave to amend his Complaint a second time, which he did on April 24, 2023. (2nd Am. Compl., ECF No. 60.) On May 10, 2023, the Court granted Defendants leave to file a motion to dismiss the Second Amended Complaint. (ECF No. 63.) On July 26, 2023, Defendants filed their motion to dismiss (ECF No. 65), Memorandum in Support ("Defs. Mem," ECF No. 66), Reply (ECF No. 69), and Plaintiff's Opposition ("Pl. Opp.," ECF No. 68).

In his Second Amended Complaint, Plaintiff asks that Defendants "be held accountable" for their actions. (2nd Am. Compl. at 9-10.) Plaintiff also requests an unspecified preliminary injunction. (*Id.* at 6.) In the absence of a specifically articulated request for relief, this Court will construe Plaintiff's request as a request for the same injunctive relief requested in Plaintiff's First

Amended Complaint—that the Court order Plaintiff's transfer to a medium security facility and a consultation with a separate medical specialist to re-assess and treat Plaintiff's ongoing knee condition. (*See* Plaintiff's First Amended Complaint, "1st Am. Compl.," ECF No. 26, at 5.)

## LEGAL STANDARDS

### I.   Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Courts must liberally construe *pro se* complaints. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Such pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Estelle*, 429 U.S at 106 (citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (internal citations omitted). This is particularly so when the *pro se* plaintiff alleges violations of his civil rights. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). That said, although a *pro se* plaintiff's pleadings must be interpreted as raising the strongest claims they suggest, they "must still state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

## II.     42 U.S.C § 1983

Section 1983 provides that "[e]very person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself the source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York,* 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

## **DISCUSSION**

The Court interprets Plaintiff's Second Amended Complaint to allege claims pursuant to § 1983 against both Defendants for deliberate indifference to medical needs in violation of the Eighth Amendment. (2nd Am. Compl. at 4-5, 7-9; Pl. Opp. at 4.) The Court construes Plaintiff's

Second Amended Complaint to assert the same Eighth Amendment medical indifference claim under § 1983 that he alleged in his original and First Amended Complaint that this Court dismissed for failure to state a claim. (*Compare* Complaint, "Compl.," ECF No. 2 at 2-3 and 1st Am. Compl. at 4-5 *with* 2nd Am. Compl. at 4-5.) Defendants argue that the "law of the case" doctrine applies here to dismiss Plaintiff's deliberate indifference claims because he has failed to cure the deficiencies of his prior Eighth Amendment claim. The Court agrees.

The Court further construes Plaintiff's Second Amended Complaint as raising state medical malpractice claims against Defendant Holder. (2nd Am. Compl. at 6.) In response, Defendants assert that state law claims against corrections employees must be brought to the New York State Court of Claims. (Def.  Mem. at 12.) The Court agrees and hereby declines to exercise supplemental jurisdiction over Plaintiff's state malpractice claims.

For the reasons articulated below, the Court dismisses Plaintiff's Second Amended Complaint.

## I.     The "Law of the Case" Doctrine Applies to Plaintiff's Eighth Amendment Claim

Under the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Musacchio v. U.S*, 577 U.S. 237, 245 (2016) (citing *Pepper v. United States*, 562 U.S. 476, 506 (2011)); *see also Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir. 1999) ("The doctrine expresses, in shorthand fashion, a practice of courts generally not to reconsider that which has already been decided. But it does not purport to be a legally binding limitation on the court's authority to reconsider such matters."). However, "[a] court's reconsideration of its own earlier decision in a case" requires "compelling circumstances, consisting principally of (1) an intervening

change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice." *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009).

Here, the Court liberally construes Plaintiff's *pro se* Second Amended Complaint to assert the same Eighth Amendment claim under § 1983 that he alleged in his original and First Amended Complaint that the Court has dismissed twice for failure to state a claim. (*Compare* Compl. at 2-3 and 1st Am. Compl. at 4-5 *with* 2nd Am. Compl. at 4-5.) A review of the Complaint, First Amended Complaint, and Second Amended Complaint reveals that all three pleadings are substantially the same with some minor factual variations and thus fail to meet the second prong for reconsideration under the law of the case doctrine. *See Carr*, 557 F.3d at 102. The only new information alleged in Plaintiff's Second Amended Complaint is that Defendant Holder failed to inform Plaintiff of the possible risks associated with his first surgery and that because of Defendants' deliberate indifference, Plaintiff requires a second corrective surgery. (2nd Am. Compl. at 5-6.)

Plaintiff's Second Amended Complaint similarly fails to meet the first and third prong necessary for reconsideration. *Carr*, 557 F.3d at 102. Here, there has been no intervening change in controlling law. Furthermore, Plaintiff does not allege that there was a clear error of law in the Court's prior rulings in this case. Accordingly, because the main issue before the Court is whether *pro se* Plaintiff cured the defects in his deliberate indifference claim, the Court finds that it's prior ruling dismissing Plaintiff's original and Amended Complaint is still applicable in determining whether the Second Amended Complaint survives Defendants' motion to dismiss.

The Court now analyzes Plaintiff's Eighth Amendment claim in his Second Amended Complaint under its prior ruling.

7

## II.     Eighth Amendment

Plaintiff characterizes his cause of action as a deliberate indifference claim brought under the Fourteenth Amendment.[3] (Pl. Opp. at 4.) As discussed in our prior rulings, this characterization is improper given Plaintiff sustained his injuries after his conviction and the Fourteenth Amendment only applies to the deliberate indifference claims of pre-trial detainees. Accordingly, the Court considers Plaintiff's claims under the Eighth Amendment, which governs post-trial deliberate indifference claims.

The Eighth Amendment guarantees freedom from "cruel and unusual punishment." U.S. Const. Amend. VIII. This includes depriving prisoners of their "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 200 (1989)). For a plaintiff to establish that a prison official violated the Eighth Amendment "(1) the alleged deprivation must, as an objective matter, be 'sufficiently serious,' [i.e., the 'objective prong'] and (2) the alleged perpetrator—ordinarily a prison official—must possess a 'sufficiently culpable state of mind.' [i.e., the 'subjective prong.']." *Randle v. Alexander*, 960 F. Supp. 2d 457, 470 (S.D.N.Y. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

To determine whether a deprivation of medical care is "sufficiently serious," the Court must (1) determine the prisoner's actual deprivation of medical care, and (2) "examine how the

---

[3] In his *pro se* Second Amended Complaint form, Plaintiff specifies that he has been convicted and sentenced to prison—therefore, he is not a pretrial detainee. (2nd Am. Compl. at 2.) Deliberate indifference claims brought by pretrial detainees are governed by the Fourteenth Amendment, while claims brought by post-trial detainees are governed by the Eighth Amendment. *Haynes v. City of N.Y.*, 19 Civ. 1925 (NRB), 2020 WL 4926178, at *6 (S.D.N.Y. Aug. 20, 2020). Despite Plaintiff's post-trial status, his Opposition to the Motion to Dismiss alleges a deliberate indifference Fourteenth Amendment violation and cites four separate cases all of which concern a pre-trial detainee's medical indifference claim. (Pl's. Opp. at 4.); *Kingsley v. Hendrickson* 576 U.S. 389 (2015): *Darnell v Pineiro*, 849 F. 3d 17 (2d Cir. 2017); *Feliciano v. C.O. Anderson*, 15-CV-4106 (LTS/JLC), 2017 WL 1189747 (S.D.N.Y. March. 30, 2017); *Villefano v. Sposato*, 16-CV-3674 (JFB/AKT), 2017 W: 4179855 (E.D.N.Y Aug. 22, 2017). (Pl's. Opp. at 4.). Because Plaintiff is a post-trial detainee, the Eighth Amendment is operative here.

offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). To assess the adequacy of care a claimant received, the Court must determine whether the prison official provided "reasonable care." *Id.*

The next step in determining whether a claimant's deprivation was sufficiently serious depends on the type of claim they are making. If the claimant is alleging the prison official failed to provide any treatment at all, "courts examine whether the inmate's medical condition is sufficiently serious." *Salahuddin*, 467 F.3d at 280. To establish that a medical condition was "sufficiently serious" a plaintiff must allege "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir. 1994) (quoting *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir.1990) (Pratt, J., dissenting)). There are several factors that a court may consider when deciding whether a medical condition is "sufficiently serious," including "chronic and substantial pain or the presence of a medical condition that significantly affects an individual's daily activities." *Salgado v. DuBois*, 17-cv-6040 (NSR), 2019 WL 1409808, at *5 (S.D.N.Y. Mar. 28, 2019).

Where the plaintiff concedes he received medical treatment but challenges the adequacy of his medical care, the seriousness focuses on the "specific inadequacy of the treatment, not the underlying medical condition alone." *Taft v. Fricke*, No. 9:17-CV-0346 (GTS/CFH), 2019 WL 5197180, at *7 (N.D.N.Y. July 26, 2019) (citing *Salahuddin*, 467 F.3d at 279).

To satisfy the subjective prong of a sufficiently culpable state of mind, a prison official must "know of and disregard[] an excessive risk to inmate health and safety" that would result from his or her act or omission. *Farmer*, 511 U.S. at 837. For medical malpractice to rise to the level of a constitutional violation, the malpractice must involve "culpable recklessness" as

demonstrated by "an act or a failure to act by [a] prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)) (internal quotation marks omitted). Therefore, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court applies this framework to each of the two defendants separately.

A.   **Defendant Muthra**

In its prior order, the Court concluded that Plaintiff's deliberate indifference claim failed to satisfy both the objective and subjective prongs of his Eighth Amendment claim against Defendant Muthra. *Jahad*, 2023 WL 1879526, at *6-7. The Court reasoned that Plaintiff failed to allege a sufficiently serious deprivation of medical care where Defendant Muthra denied Plaintiff medical treatment for seven days. *Id.* at 6. Furthermore, the Court found that Plaintiff failed to allege facts sufficient to support a finding that Defendant Muthra acted with a state of mind equivalent to criminal recklessness when he failed to provide medical care for Plaintiff's chronic knee pain. *Id* at 6-7.

Here, liberally construing the Second Amended Complaint in *pro se* Plaintiff's favor, Plaintiff claims that Defendant Muthra failed to provide him adequate medical care when he: (1) neglected to properly treat Plaintiff's infected knee shortly after surgery, and (2) failed to provide him medical treatment for his ongoing chronic knee pain. (2nd Am. Compl. at 7-10.) Defendant met the objective prong of his chronic knee pain claim but has otherwise failed to sufficiently plead his deliberate indifference claims as to Defendant Muthra.

10

1.   *Objective Prong*

Plaintiff's claims against Defendant Muthra, in part, satisfy the objective prong. As discussed below, the Court finds that Plaintiff failed to state a sufficiently serious deprivation of medical care with respect to his infection and removal of his stitches but has articulated a sufficiently serious deprivation with respect to his chronic pain condition.

In both of its prior Orders and Opinions—issued on August 26, 2021 and February 10, 2023—the Court found that Plaintiff did not satisfy the objective prong of his Eighth Amendment claim against Defendant Muthra with respect to treatment of his post-operative infection. *Jahad v. Holder*, No. 19-CV-4066 (NSR), 2021 WL 3855445, at *12 (S.D.N.Y. Aug. 26, 2021); *Jahad*, 2023 WL 1879526, at *6. For the same reasons articulated in the Court's August 26, 2021 and February 10, 2023 Orders and Opinions, Plaintiff fails to satisfy the objective prong with respect to the treatment of his knee infection between December 11, 2018 and December 19, 2018.

Severe infections that cause chronic pain or substantial risk of injury may constitute a sufficiently serious condition so as to give rise to an Eighth Amendment claim where inadequate medical treatment is also alleged. *Smith*, 316 F.3d at 186. However, where medical treatment is denied for a short period, the objective prong is not typically satisfied. *See Medina v. Barrett*, 14-CV-6377-FPG, 2018 WL 1383232, at *6 (W.D.N.Y. Mar. 19, 2018) (objective prong not satisfied where plaintiff was denied medical care for four weeks despite experiencing "severe and chronic headaches, nerve damage, and neck and knee pain"); *c.f. Chance v. Armstrong*, 143 F.3d 698, 702–03 (2d Cir. 1998) (finding that serious pain lasting over six months was sufficient for a deliberate indifference claim). Thus, having alleged that Defendants denied him medical treatment for about a week, Plaintiff has plainly failed to satisfy the objective prong.

11

Plaintiff's own allegations show that Defendant Muthra examined Plaintiff's knee shortly after the surgery, and roughly a week after the surgery, attempted to remove stitches resulting in discharge from Plaintiff's knee. (2nd Am. Compl. at 7-8.) Although Plaintiff alleges that Defendant Muthra took a "substantial risk" in attempting to remove Plaintiff's stitches, he fails to specify how the attempted removal contributed to Plaintiff's pain and suffering. (*See id.* at 9.) Finally, Defendant Muthra stopped removing stitches soon after observing discharge and promptly sent Plaintiff to receive proper medical treatment for his infection. (*Id.* at 7-8.) Thus, Plaintiff plainly fails to satisfy the objective prong in asserting that Defendant Muthra denied him medical treatment for such a brief period of time.

However, Plaintiff has articulated a sufficiently serious deprivation with respect to the lack of treatment he has received for his chronic pain and swelling in his right knee over the past five years. The sole basis for this claim in the Second Amended Complaint is that Plaintiff "after coming back from the hospital, informed Dr. Muthra, who said he couldn't do anything, as of today's date, Plaintiff is still sustaining a tremendous amount of pain. This has been going on since 2018-2023." (*Id.* at 10.) Plaintiff states that in the five years since his surgery he continues to experience substantial pain that significantly affects his daily walking activity. (2nd Am. Compl. at 4-5.) Therefore, the Court finds that Plaintiff's current condition is sufficiently serious. *See Veras v. Jacobson*, No. 18-CV6724 (KMK), 2020 WL 5659551, at *6 (S.D.N.Y. Sept. 23, 2020) (holding the plaintiff adequately alleged dental pain was sufficiently serious as he endured "excessive/extreme mouth pain, headaches, and an inability to do normal and basic activities such as eating without pain, and having a pain-free conversation") (internal citations omitted); *De Jesus v. Albright*, No. 08 Civ. 5804 (DLC), 2011 WL 814838, at *9 (S.D.N.Y. Mar. 9, 2011) (holding the plaintiff alleged a sufficiently serious deprivation where his headaches caused him "severe and

constant pain" which would make him "unable to work, read, write, or leave his cell"). Therefore, the Plaintiff has successfully alleged a sufficiently serious deprivation caused by Defendant Muthra's failure to provide medical care to treat Plaintiff's chronic pain condition.

### 2. Subjective Prong

Plaintiff's Second Amended Complaint against Defendant Muthra fails the subjective prong of the deliberate indifference test. Plaintiff has, for a third time, failed to allege facts sufficient to support a finding that Defendant Muthra acted with a state of mind equivalent to criminal recklessness when he purportedly failed to provide medical care to Plaintiff's infected knee between December 11, 2018 and December 19, 2018 and attempted to remove his stiches. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) ("The subjective element requires a state of mind that is the equivalent of criminal recklessness; namely, when the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

To satisfy the subjective prong, a plaintiff must allege that the defendant's failure to provide medical treatment was more than mere negligence. *Smith*, 316 F.3d at 184 ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation."). Instead, the defendant must act with deliberate indifference, or "culpable recklessness." *Hill*, 657 F.3d at 123. To plead culpable recklessness based on a defendant's denial of treatment, a plaintiff must, at a minimum, allege that the defendant knew that a substantial risk could result from the denial of treatment. *See Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) ("[A] prison official has sufficient culpable intent if he has knowledge

that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate [the harm] . . . .") (internal citations omitted); *Hart v. Goord*, No. 08CV681, 2011 WL 1198414, at *6 (W.D.N.Y. Jan. 13, 2011) ("[S]ubjective recklessness can satisfy the deliberate indifference standard only where the official has actual knowledge that the prisoner faced a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.") (internal citations omitted).

Here, Plaintiff alleges that Defendant Muthra acted with "culpable recklessness" because he provided "inadequate medical treatment" for his infected knee and "evinced a conscious risk by attempting to remove the stitches." (2nd Am. Compl. at 9.) "Prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk even if the harm ultimately was not averted." *Pearson v. Coughlin*, No. 92 CIV. 1869 DLC, 1997 WL 566129, at *6 (S.D.N.Y. Sept. 10, 1997) (citing *Farmer*, 114 S.Ct. at 1982-83). As Plaintiff alleges, Defendant Muthra acted reasonably upon realizing the risk of removing Plaintiff's stitches by sending Plaintiff to an outside hospital once he observed the pus leaking from Plaintiff's knee. (2nd Am. Compl. at 8.) Plaintiff thus fails to allege Defendant Muthra acted with culpable recklessness in treating his infected knee and removing his stitches.

Likewise, Plaintiff's allegations that Defendant Muthra failed to treat his chronic knee pain fail to satisfy the subjective prong. Other than Plaintiff's statement that he "informed Dr. Muthra" of his pain after returning from the hospital, Plaintiff's Second Amended Complaint does not allege that he notified Defendant Muthra about his continued issues or sought additional treatment from Defendant Muthra in the five subsequent years since his surgery. (2nd Am. Compl. at 10.) Plaintiff's Complaint does not specify that he told Defendant Muthra of ongoing pain following his post-operative recovery and what treatments, if any, Defendant Muthra failed to provide that

14

would have alleviated his pain. Therefore, the Court cannot find that Defendant Muthra acted with deliberate indifference when he failed to provide an unspecified treatment as Plaintiff has failed to show he had knowledge of Plaintiff's condition, much less that Defendant Muthra was aware of a substantial risk of harm that might result from denying such an unspecified treatment.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's claim against Defendant Muthra with prejudice.

**B.    Defendant Holder**

In its prior order, the Court concluded that Plaintiff's deliberate indifference claim failed to satisfy both the objective and subjective prongs of his Eighth Amendment claim against Defendant Holder. *Jahad*, 2023 WL 1879526, at *8-9. The Court reasoned that Plaintiff's claims were conclusory and failed to substantiate a state of mind equivalent to criminal recklessness. *Id.*

Here, Plaintiff claims that Defendant Holder failed to provide him adequate medical care when he (1) misdiagnosed Plaintiff's knee injury and failed to properly perform the surgery, requiring Plaintiff to undergo a second corrective surgery and (2) failed to warn Plaintiff about the risks of the operation.[4] (2nd Am. Compl. at 6.) The Court concludes that Plaintiff has, for a third time, failed to allege a plausible Eighth Amendment claim against Defendant Holder for the same reasons this Court held in its prior decisions.

*1.    Objective Prong*

With respect to Plaintiff's allegations concerning Defendant Holder's misdiagnoses and subsequent erroneous surgery necessitating a second corrective surgery, such an allegation is

---

[4] In his Opposition, Plaintiff raises a new allegation: Defendant Holder improperly delayed and ignored a "fast degenerating condition." (Pl. Opp. at 10.) Beyond being a conclusory statement, this allegation is inconsistent with Plaintiff's allegations in this Second Amended Complaint, as Plaintiff failed to allege Defendant Holder had any involvement beyond the initial surgery. Therefore, the Court declines to consider this allegation. *See Mira v. Argus Media*, No. 14-cv-675, 2017 WL 1184302, at *3 (S.D.N.Y. 2017) (declining to review claims raised in a pro se plaintiff's opposition briefing that were based on "new facts that were not alleged in her Complaint").

conclusory and fails to articulate how Defendant Holder's alleged improper treatment required a second corrective surgery. For Plaintiff to meet the objective prong in his claim against Defendant Holder, he must clarify how Defendant Holder's first surgery was "wrong" and how his second surgery specifically rectifies the damage specifically caused by Defendant Holder's surgery. *Chance v. Armstrong*, 143 F.3d 698, 702-704 (2d Cir. 1998) (where the court declined to dismiss a medical indifference claim in which plaintiff sufficiently alleged improper treatment and the injury caused by improper treatment as compared to the medically proper procedure). Plaintiff asserts that because of his improper surgery he "had to get a fake kneecap[] put in his knee," experienced substantial pain, and *may* never walk again. (2nd Am. Compl. at 6-7; Pl. Opp. at 10) (emphasis added). Beyond these vague allegations, Plaintiff otherwise fails to specifically allege how Defendant Holden's medical care was inadequate or the complications arising from the surgery. Without specific information on the connection between Defendant Holder's misdiagnosis and improper surgery, Plaintiff's injury, and the nature of the second surgery, Plaintiff's Second Amended complaint fails to satisfy the objective prong. *See Fernandez v. New York City Dep't of Correction*, No. 08 CV 4294 (KMW), 2010 WL 1222017, at *5 (S.D.N.Y. Mar. 29, 2010) (finding the plaintiff failed to state a claim for deliberate indifference where he failed to allege he needed additional treatment, he sought any additional treatment, or what prison officials could have or should have done to provide appropriate treatment).

Similarly, Plaintiff's claim that Defendant Holder failed to warn him of the risks of the surgery is insufficient to satisfy the objective prong. Plaintiff claims that "[Defendant] Holder . . . never informed plaintiff that things could go wrong, and you may never be able to walk again, or another operation may be needed." (*See* 2nd Am. Compl. at 6.) As discussed above, Plaintiff has failed to specifically articulate what went wrong with the surgery, the nature of the second surgery,

16

and his injuries stemming from the first surgery. Nor does Plaintiff indicate that had he known of these risks, he would not undergone the surgery. Therefore, Plaintiff fails to allege a sufficiently serious injury to satisfy the objective prong of a deliberate indifference claim.

2. *Subjective Prong*

Plaintiff's Second Amended Complaint does not satisfy the subjective prong because Plaintiff has failed to demonstrate that Defendant Holder consciously disregarded a substantial risk of serious harm in performing his surgery. *Farmer*, 511 U.S. at 837. Rather, Plaintiff's claim that Defendant Holder misdiagnosed and performed inadequate surgery is, at most, negligence, which fails to meet criminal recklessness standard necessary to state an Eighth Amendment mistreatment claim. *Hill*, 657 F.3d at 123 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.") Plaintiff alleges that Dr. Holder's "acts involve[] culpable recklessness because he had evinced a conscious disregard of a substantial risk of serious harm." (2nd Am. Compl. at 6.) This conclusory statement is plainly insufficient to satisfy the subjective prong. *Smith*, 316 F.3d at 184 ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation."). Without more information establishing Defendant Holder's knowledge of a substantial risk and subsequent disregard of that risk, this Court must dismiss Plaintiff's claims against Defendant Holder.

Accordingly, the Court GRANTS Defendants' motion and dismisses Plaintiff's claim against Defendant Holder with prejudice.

### III.    Medical Malpractice

To the extent that the allegations in Plaintiff's Second Amended Complaint can be construed as medical malpractice claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *Brown v. Mullen*, No. 12 CIV. 734 PAE, 2013 WL 796530, at *7 (S.D.N.Y. Mar. 4, 2013) (declining to exercise supplemental jurisdiction over claims in the plaintiff's complaint that could be construed as medical malpractice claims); *see In re Merrill Lynch Ltd. Partnerships Lit.*, 154 F.3d 56, 61 (2d Cir. 1998) ("[The Second Circuit] and the Supreme Court have held that when [ ] federal claims are dismissed the 'state claims should be dismissed as well.'"); *Bennett v. Care Corr. Sol. Med. Contractor*, No. 15 Civ. 3746 (JCM), 2017 WL 1167325, at *10 (S.D.N.Y. Mar. 24, 2017) (dismissing state-law claims where Court would only retain jurisdiction over these claims based on supplemental jurisdiction); *Smith*, 316 F.3d at 183-84 ("the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law."). Therefore, Plaintiff's medical malpractice claims are dismissed with prejudice.

### IV.    Injunctive Relief

Though the nature of the relief requested is unclear, Plaintiff requests "a preliminary injunction, without it plaintiff will suffer irreparable harm absent injunctive relief." (2nd Am. Compl. at 6.) In absence of a specific request for relief, the Court will assume that Plaintiff is requesting the same injunctive relief he requested in his First Amended Complaint—that the court order Plaintiff's transfer to a medium security facility and a consultation with a separate medical specialist to re-assess and treat Plaintiff's ongoing knee condition. (1st Am. Compl. at 2.)

In the Second Circuit, a party seeking a preliminary injunction "must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the

merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*, 626 F.3d 47, 52–53 (2d Cir. 2010). Where a party seeks a mandatory injunction "altering, rather than maintaining, the status quo," such as in this case, that party "must meet [a] more rigorous standard." *Almontaser v. N. Y. City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008) (internal alterations omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33 (2d Cir. 1995). ("[W]e have required the movant to meet a higher standard where . . . an injunction will alter, rather than maintain, the status quo . . . ."). The moving party must establish a "clear or substantial likelihood of success," or show that "extreme or very serious damage" would result in the absence of preliminary relief. *Tom Doherty Assocs.*, 60 F.3d at 34, 37.

Plaintiff's request is denied as meritless. Under Rule 12(b)(6), Plaintiff must only show that he has stated a claim to relief that is "plausible on its face." *Ashcroft*, 556 U.S. at 678. In contrast, the standard for a mandatory injunction is much higher, as Plaintiff must show a "substantial likelihood of success." *Tom Doherty Assocs.*, 60 F.3d at 34. Given that Plaintiff has no surviving claims under Rule 12(b)(6), Plaintiff would fair even worse under the standard for an injunction. Nor do Plaintiff's vague allegations about harm articulate extreme or very serious damage absent the (unclear) requested relief.

Accordingly, Plaintiff's request for a preliminary relief is DENIED with prejudice.

## V.      Leave to Amend

As a final matter, although *pro se* plaintiffs are generally given leave to amend a deficient complaint, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999), a district court may deny leave to amend when amendment would be futile because the problem with the

claim "is substantive [and] better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Milanese v. Rust—Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility."). Courts should be more lenient when considering a *pro se* party's motion to amend than when considering that of a represented party. *See In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). However, leave to amend is properly denied where all indications are that the *pro se* plaintiff will be unable to state a valid claim. *See Valle v. Police Dep't Cnty. of Suffolk Cent. Records*, No. 10–CV–2847, 2010 WL 3958432, at *2 (E.D.N.Y. Oct. 7, 2010).

The Court finds that to be the case here: with each amended complaint, Plaintiff has plead fewer and fewer facts in support of his claims. While Plaintiff has included a few additional conclusory allegations, these allegations fail to salvage his constitutional claims. Plaintiff has unsuccessfully amended his claims twice. Because it appears that amendment would be futile, the Court declines to grant leave to amend at this time. *See Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137 (2d Cir. 2010) (denial of leave to amend affirmed where *pro se* plaintiff made no specific showing as to how he would remedy defects in complaint); *cf. Ariel (UK) Ltd. v. Reuters Grp., PLC*, 277 F. App'x 43, 45–46 (2d Cir. 2008) (district court did not exceed its discretion by not *sua sponte* granting leave to amend where Plaintiff had already amended complaint once and amendment would have been futile).

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss *pro se* Plaintiff's Second Amended Complaint is GRANTED, and Plaintiff's request for injunctive relief is DENIED. The Court DISMISSES with prejudice Plaintiff's Second Amended Complaint in its entirety without leave to replead.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 65. The Clerk is further respectfully directed to mail a copy of this Opinion and Order to Plaintiff at the address listed on ECF and to show service on the docket.

Dated: December 1, 2023                                SO ORDERED:
      White Plains, New York

_____
          NELSON S. ROMÁN
       United States District Judge